IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Jose Reyes, | Case No. 4:11 CV 279 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Warden, Dalby Correctional Facility, | |
| Respondent. | |

### INTRODUCTION

Before the Court is *pro se* Petitioner Jose Reyes's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1). Petitioner is currently incarcerated at the Northeast Ohio Correctional Center in Youngstown, Ohio ("N.E.O.C.C.").[1] He seeks restoration of 27 days of Good Conduct Time ("GCT") forfeited as a sanction for violating a prison code, asserting a violation of due process and liberty rights.

### BACKGROUND

Petitioner was incarcerated at Giles W. Dalby Correctional Institution ("CI Dalby") on March 18, 2010, when he approached Nurse Parks near Central Control (Doc. No. 1, at 4). Petitioner placed his hand on his forehead, indicating he thought he had a fever, and asked Parks to feel his forehead (Doc. No. 1-1, at 8). She refused and told Petitioner to "go home" (Doc. No. 1-1, at 8).

---

[1] Although Petitioner improperly names the Warden at Giles W. Dalby Correctional Institution as Respondent, this Court has personal jurisdiction over the proper Respondent, N.E.O.C.C. Warden, for habeas purposes. *See Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 495 (1973) (court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian).

An incident report was issued charging Petitioner with "[m]aking sexual threats or proposals to another" (Doc. No. 1-1, at 8). In her report, Parks states that on the prior night, Petitioner put his head and hands in the pill window yelling, "Hey, Ms. Parks, what are you doing?" (Doc. No. 1-1, at 8). Parks claims she had to ask Petitioner several times to remove his head and hands and go away (Doc. No. 1-1, at 8). She further states that Petitioner continually would come to the medical facility while she was working, and that she felt uncomfortable and threatened by his constant presence and demand for her attention (Doc. No. 1-1, at 8).

A Unit Disciplinary Committee ("UDC") Chairman referred the matter to the Disciplinary Hearing Officer ("DHO") based on the severity of the code violation and recommended maximum sanctions be imposed (Doc. No. 1-1, at 8). At the DHO hearing, Petitioner waived his right to request witnesses and/or a staff representative (Doc. No. 1-1, at 10). Petitioner stated that, on March 18, he had been suffering from a headache for about two weeks (Doc. No. 1-1, at 9), and claimed that Parks yelled at him to "go home," a phrase she always told him (Doc. No. 1-1, at 9).

Based on Parks' statement, the DHO found Petitioner committed a prohibited act (Doc. No. 1-1, at 10) in violation of 28 C.F.R. § 541.13, Table 3, Code 206, "Making sexual proposals or threats to another." The DHO sanctioned Petitioner with 90 days of telephone and commissary restrictions, 30 days disciplinary segregation, 27 days forfeiture of GCT, and recommended a disciplinary transfer (Doc. No. 1-1, at 11). A copy of the report was delivered to Petitioner on April 12, 2010, notifying him of his right to appeal within thirty calendar days (Doc. No. 1-1, at 11).

Petitioner filed a Regional Appeal in May 2010 that was rejected because it was written in Spanish (Doc. No. 1-1, at 5). Petitioner was advised he could resubmit the appeal within 15 days (Doc. No. 1-1, at 5).

On July 26, 2010, Petitioner resubmitted his appeal in English, claiming that the submission was delayed because he was in the process of being transferred from May 29, 2010 until July 20, 2010 (Doc. No. 1-1, at 6). Petitioner's appeal was rejected as untimely (Doc. No. 1-1, at 4).

Petitioner claims that he has exhausted his administrative remedies, and that the untimely submission of his appeal was not his fault because he was packed for his transfer from CI Dalby (Doc. No. 1, at 3).

## ANALYSIS

Petitioner asserts the DHO violated his Eighth Amendment right to be free from cruel and unusual punishment by bringing false charges against him. Petitioner alleges that the staff of CI Dalby filed and approved a false report, which resulted in discipline including the loss of GCT. Petitioner specifically alleges the report was erroneous because the conduct included in the report does not support the charge for which he was disciplined. Petitioner also claims the sanctions imposed effectively punished him four times for the same offense.

Furthermore, Petitioner claims that his due process rights were violated when he was found guilty even though contrary evidence was presented at the hearing. Petitioner also asserts he did not receive sufficient notice of the charges against him because he did not understand how his conduct could be deemed a sexual proposal or threat toward another. Petitioner argues that only an explicit sexual proposition should qualify as a Code 206 violation, and his actions were not sufficient to constitute a sexual proposal or threat.

### *Exhaustion*

Federal prisoners are required to exhaust administrative remedies before filing a habeas petition under 28 U.S.C. § 2241. *Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir. 1981). If a

3

prisoner is unable to obtain an administrative remedy because he failed to appeal in a timely manner, then he has procedurally defaulted his habeas corpus claim. *See Nigro v. Sullivan*, 40 F.3d 990, 997 (9th Cir. 1994); *Engle v. United States*, 26 F. App'x 394, 396 (6th Cir. 2001). There is no dispute that Petitioner's administrative appeal was untimely. Thus, he must show cause and prejudice to bring his claim in this Court. *Wade v. Perez*, 14 F. App'x 330 (6th Cir. 2001).

Here, Petitioner claims there is cause to excuse his delay because he was packing in anticipation of his prison transfer. He does not refute that he was transferred on June 1, 2010. Considering the undisputed fact that his first appeal was rejected on May 11, 2010, Petitioner had three weeks to file his second, properly translated appeal -- his transfer was not imminent. Moreover, he had already prepared his appeal and only needed to provide the request in English.

After his untimely appeal was dismissed, Petitioner requested that his appeal be restored because he was unable to find anyone to translate his appeal before his transfer. However, the sole reason Petitioner gave in his appeal was that he was in the process of being transferred from May 29, 2010 until July 20, 2010. That reason is also the sole explanation Petitioner has provided to this Court as well. Petitioner has failed to demonstrate cause for his procedural default.

*Due Process Claim*

Even if Petitioner established cause for failing to exhaust his administrative appeal, he was not prejudiced because his underlying claim does not entitle him to relief. Inmates possess a due process liberty interest in a shortened prison sentence with earned GCT. *Sandin v. Conner*, 515 U.S. 472, 477 (1995). Because Petitioner was disciplined and sanctioned with the loss of GCT, he is entitled to due process protection with respect to his proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). That protection includes: (1) written notice of the charges at least 24 hours before a

4

hearing to enable the inmate to prepare a defense; (2) ability to call witnesses and present documentary evidence; and (3) a written explanation of the evidence relied on and reasons for disciplinary action. *Id*. at 564–66. Petitioner does not allege he was denied any of the protections outlined in *Wolff* and thus fails to allege a due process violation.

### *Sufficiency of Evidence*

The Petition attacks the sufficiency of evidence to support the charges against him. A disciplinary decision will satisfy the requirements of procedural due process when there is "some evidence" to support the disciplinary decision by the fact finder. *Superintendent, Mass. Corr. Institution v. Hill*, 472 U.S. 445 (1985). The standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced. . . ." *Id*. at 455 (citing *United States ex rel. Vajtauer v. Comm'r of Immigration*, 273 U.S. 103, 106 (1927)). There is no violation of due process if there is any evidence in the record to support the disciplinary board's conclusion. *Id.* at 455–56.

There is no dispute Petitioner was asked to leave when he approached Nurse Parks. He admits she consistently told him to leave in the past when he arrived at the medical facility to see her. She testified during the hearing that his continued visits to the medical facility were simply an excuse to see her. If Petitioner had a legitimate medical need that was not being addressed, he never argued that he was denied proper medical treatment. Petitioner's visits did not cease after Nurse Parks repeatedly asked him to stop, and she reported that she felt very uncomfortable and threatened by his constant presence. The DHO determined Petitioner's "fixation" with Nurse Parks and his attempt to make sexual proposals toward her posed a threat to her safety and welfare. Therefore, some evidence supported a finding of guilt.

5

*Eighth Amendment Claim*

Finally, there is no merit to Petitioner's Eighth Amendment claim. His conduct was legitimately characterized as a High Severity Prohibited Act. *See* 28 C.F.R. § 541.13(a)(2). Any violation coded "High Severity" mandates the DHO impose at least one or more of the sanctions listed in Subsections "A" through "M". These sanctions include the disallowance of 14-27 days GCT, disciplinary segregation for up to thirty days, recommendation of disciplinary transfer, and the loss of privileges such as commissary, movies, or recreation. *Id.*, Table 3–Prohibited Acts and Disciplinary Severity Scale; Table 4–Sanctions. There is no basis to find the DHO's sanctions violated the Eighth Amendment when some evidence existed to show that Petitioner committed a High Severity act in violation of the BOP code.

## CONCLUSION

Based on the foregoing, the Petition is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

April 26, 2011